IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                      No. CIV S-05-0857 WBS JFM PS

    vs.

ART QUINTON, Parole Officer,      <u>ORDER AND</u>

    Defendant.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

1

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
5  490 U.S. at 327.

6       A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &
9  Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer
10 v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

15      Plaintiff alleges that his parole officer was verbally abusive.  An allegation of
16 mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth
17 Amendment.  <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987); <u>see</u> <u>Oltarzewski v. Ruggiero</u>, 830
18 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth
19 Amendment).  This allegation does not raise a cognizable claim for violation of the Eighth
20 Amendment.

21      Plaintiff also alleges that his parole officer failed to help plaintiff find a place to
22 stay once plaintiff was released on parole.  This allegation fails to state a cognizable civil rights
23 claim as well.

24      Inasmuch as plaintiff could not prove a set of facts in support of these claims that
25 would entitle him to relief, the court will recommend dismissal of this action.
26 /////

1         In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
2 to proceed in forma pauperis is granted; and
3         IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
4 state a claim.
5         These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7 days after being served with these findings and recommendations, plaintiff may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."   Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
11 F.2d 1153 (9th Cir. 1991).
12 DATED:   June 3, 2005.

                                        UNITED STATES MAGISTRATE JUDGE

16 /001; smith857.dm